UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEVENDRA KUMAR JAIN
_____

Write the full name of each plaintiff.

_____CV_____

(Include case number if one has been assigned)

-against-

LOUIS  DEJOY, POSTMASTER GENERAL
_____

UNITED STAES POSTAL SERVICE
_____

AGENCY
_____

Write the full name of each defendant. The names listed
above must be identical to those contained in Section I.

Do you want a jury trial?

☒ Yes    ☐ No

# EMPLOYMENT DISCRIMINATION COMPLAINT

## NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 3/24/17

## I.    PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| DEVENDRA | KUMAR | JAIN |
|---|---|---|
| First Name | Middle Initial | Last Name |

1053 N 2 ST

Street Address

| NASSAU , NEW HYDE PARK | NEW YORK | 11040-2836 |
|---|---|---|
| County, City | State | Zip Code |

| (516)-360-5071 | devendrajain33@yahoo,com |
|---|---|
| Telephone Number | Email Address (if available) |

### B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:

LOUIS DEJOY , POSTMASTER GENERAL

Name

475 L'EFANT PLAZA SW

Address where defendant may be served

| WASHINGTON D.C. | WASHINGTON D.C. | 20260-0010 |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2:

Name

Address where defendant may be served

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

_____

Name

_____

Address where defendant may be served

_____

County, City                    State                    Zip Code

## II.    PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

MORGAN P & D.C. / ANSONIA STATION ,NEW YORK, NEWYORK 10023
_____
Name

341  9 TH AVE      / 178  COLUMBUS AVENUE,NEW YORK ,NEW YORK 10023
_____
Address

MANHATTAN .NEWYORK          NEW YORK          10199-9107
_____
County, City                    State                    Zip Code

## III.    CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☒   **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☒   race:          INDIAN BROWN

☐   color:         _____

☒   religion:      HINDU JAIN

☐   sex:           _____

☒   national origin:   INDIA

☒ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is:  **INDIAN BROWN**

☒ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year:  **1953**

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

## B. Other Claims

In addition to my federal claims listed above, I assert claims under:

☐ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☐ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☒ Other (may include other relevant federal, state, city, or county law):

IN OFO,EEOC ONE CASE IN RECONSIDERATION ANOTHER ONE IN APPEAL FOR SIMILAR ISSUES .

## IV.    STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

- ☐  did not hire me

- ☐  terminated my employment

- ☒  did not promote me

- ☐  did not accommodate my disability

- ☒  provided me with terms and conditions of employment different from those of similar employees

- ☒  retaliated against me

- ☒  harassed me or created a hostile work environment

- ☒  other (specify):  AGENCY IN RETALIATION DID NOT PAY ME  PAY ADJUSTMENTSSETTLED BY  LABOR RELATION S,DID NOT PROMOTE ME ,

  AGENCY WIDE PLAN TO HARASS ME AND CREATED A HOSTILE WORK ENVIRONMENT IN CONTINUE SAME  PATTERN

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.

SEE ATTACHED FACTS

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

Page 5

## V.    ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

    ☒  Yes (Please attach a copy of the charge to this complaint.)

        When did you file your charge?  <u>DECEMBER 24,2016 CONTINUE</u>

    ☐  No

Have you received a Notice of Right to Sue from the EEOC?

    ☒  Yes (Please attach a copy of the Notice of Right to Sue.)

        What is the date on the Notice?  <u>JANUARY 10, 2022</u>

        When did you receive the Notice?  <u>JANUARY 15,2022</u>

    ☐  No

## VI.    RELIEF

The relief I want the court to order is (check only those that apply): :

    ☐  direct the defendant to hire me

    ☐  direct the defendant to re-employ me

    ☒  direct the defendant to promote me

    ☐  direct the defendant to reasonably accommodate my religion

    ☐  direct the defendant to reasonably accommodate my disability

    ☐  direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)

<u>Direct defendant to promote Plaintiff, with retroactive salary and benefits.</u>

<u>Direct Defendant to  resolve each and every one of Plaintiffs claims.</u>

<u>Direct Defendant to pay Plaintiff all unpaid  wages, pay adjustments with interest. Direct Defendant to pay Plaintiff Compensatory & Punitive Damages up to maximum  federal limits. Other relief as court deems Just and proper including  fees and costs.</u>

Page 6

## VII.    PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| 04/02/2022 | | |
|---|---|---|
| Dated | | Plaintiff's Signature |
| DEVENDRA | KUMAR | JAIN |
| First Name | Middle Initial | Last Name |
| 1053 N 2 ST | | |
| Street Address | | |
| NASSAU, NEW HYDE PARK | NEW YORK | 11040-2836 |
| County, City | State | Zip Code |
| (516)-360-5071 | | devendrajain33@yahoo.com |
| Telephone Number | | Email Address (if available) |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☒ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

## FACTS

1. During the relevant time, Plaintiff worked as a Mail Handler Level 4 at Ansonia Station in New York, From September 03, 2016 to October 14, 2016 and from October 15, 2016 to current at the Defendants Morgan Processing Center facility at New York, New York. Plaintiff hired as a mail processing clerk Level 5 by Agency on March 11, 1995 then in October 2005 selected as a Customer Service Supervisor and worked at 33 Street ,421, 8th Avenue Post Office at JAF Facility, New York until June 2007, when Plaintiff selected for Supervisor Of Distribution Operations position at Morgan Processing Center facility at New York .and worked up to September 02,2016 as a Supervisor then voluntarily took demotion as a Mail Handler from September 03. 2016.

2. Between August 2016 and October 2016, Plaintiff was not selected for any of 26 positions for which he was an applicant.

3. Between September 2016 and October 2016, Plaintiff was denied overtime opportunities as his similarly situated co-workers granted.

4. From September 10, 2016, through September 16, 2016, Plaintiff put Leave request in advance and submitted PS Form 3971 to Supervisor Virk Anil, in retaliation he was charged Leave without Pay/Absent without Official Leave, (LWOP/AWOL).

5. On December 15, 2016, Plaintiff's request to be detailed as an Acting Supervisor (204-B) was not granted.

6. Between August 2016 and October 2016 Plaintiff was not selected for any of 7 positions he applied for.

7. On October 28, 2016, Plaintiff emailed Postmaster General Megan Brennan and seven other Postal Service officials about the alleged harassment he faced from Baker. Plaintiff asserts that therefore, on October 29, 2016, management officials put him on administrative leave until August 5, 2016. Plaintiff claims that because of this administrative leave, he lost out

on the opportunity for Sunday premium pay, night differential pays, holiday work pay, and lost overtime pay for this period.

8. From October 29, 2016, through August 5, 2016, Plaintiff was not paid Sunday premium, Night Differential, Holiday work pay and lost overtime work opportunities when plaintiff was put on enforced leave.

9. Beginning on September 3, 2016, Plaintiff save grade was denied.

10 .On September 3, 2016, Plaintiff was not given orientation, safety training and uniform voucher as his similarly situated co-workers received. Which are required by Postal Service and Occupational Safety and Health Administration (OSHA) regulations. He identified Duncan-Smith, Galletti, and Virk as responsible. Jain Aff. at Q. 606-607, p. 115-16.

11. On September 3, 2016, Plaintiff learned that he was not notified of the "self plus one" health insurance coverage and thus he was overcharged for insurance. Jain Aff. at Q. 616, 621, p. 117-18

12. On unspecified dates, plaintiff's seniority date was changed; however, a similar situated employee, Supervisor Fuentes J took a demotion and was able to preserve seniority.

13. On October 8, 2016, Plaintiff was not allowed to work on Columbus Day and similarly situated co-workers were allowed to work

14. On September 21, 2016 and continuing up to October 14, 2016, Plaintiff's request to view his employee everything report has not been granted.

15. Beginning February 2015 through October 17, 2016, and continuing, Plaintiff's requested many pay adjustments had not been processed by Defendants. In Retaliation many Pay adjustments were not processed over a more than 5 year period by defendants, which is already settled by Agency Labor Relations.

16. November 2016 to present, Plaintiff was not provided the same overtime opportunities as his similarly situated co-workers.

17. On December 5, 2016, Plaintiff was not paid out of schedule pay as per CBA (25% more money than regular pay) when his schedule changed from 7 PM to 3 PM to attend "REDRESS ''in this matter.

18. From November, 2016 to January 11, 2017, Plaintiff was continued bullied, harassed and targeted by his co-workers. They made comments about Plaintiff, alleging he was caught earning false hours from the Postal Service and being a troublemaker for his concerns and EEO activity relating to Baker. When he complained to management, management did not take any action up to January 11, 2017 .Plaintiff was harassed by coworker Thang, Plaintiff put on emergency placement from January 11 , 2017 without pay , Later case settled as a whole by Labor Relations still not paid as usual by agency .

19. In Pay Period 1 or 2 of 2017, Plaintiff did not receive pay-for performance as a lump-sum payment based on a fiscal year. As per past practice PFP should be paid to Plaintiff.

20.From November 2016 to January 11, 2017, Plaintiff was harassed by management when no action was taken against Plaintiff's harassing co-workers. Supervisor Lane failed to take action on Plaintiff's buck slip about being bullied by coworker Sprunty Fullmore When Lane asked the union to intervene to resolve the matter, Plaintiff continued to be targeted and harassed by his co-workers Sprunty Fullmore, Jenkins, Murphy , Ira Happerd ,Bennet Lynn . Management officials did not take adequate efforts to stop the behavior.

21 On May 22, 2017, Plaintiff was harassed by coworkers and no action was taken up to June 03, 2017.

22. In the past, Plaintiff's supervisor Lane took no action on Plaintiffs buck slip about being bullied by coworker-Sprunty Fullmore, Jenkins and murphy.

23. Plaintiff was harassed again by coworker-Sprunty Fullmore on May 22, 2017, when she and another co-worker said, "Motherfucker is over here" and encouraged another coworker to take a picture of Plaintiff on her phone at 34 Street Penn station on E-Train Platform. When Plaintiff

told manager Astacio Rafael about this incident, he said "if you report the incident, you would be sent home." Complainant attempted to report this incident to Astacio on three occasions from May 22, 2017 to June 03, 2017. Complainant eventually reported this incident to another Manager King, who also took no action.

24. On June 03, 2017, Plaintiff was given an investigative interview regarding the May 22, 2017 matter. Manager Astacio Rafael and Supervisor Garcia Branly conducted the investigative interview on Plaintiff.

25. On June 03, 2017, through June 07, 2017, Plaintiff was put on an emergency placement by supervisor Garcia Branly and concurred by Manager Astacio Rafael. Plaintiff was charged 29 hours Annual Leave and lost opportunities of 16 hour overtime and 45 hours Night Differential . Labor relation in step-3 made a decision to pay me only 21 hours of Administrative leave, as usual my Annual leave never reversed as per settlement. There is Agency wide plan to harass Plaintiff. Plaintiff was forced out to bid in Tour 1 from their Tour 3.

26. On February 9, 2018, Plaintiff was charged with taking thirty minutes of absent without Official leave ("AWOL"), [n relevant time period Plaintiff was continue working around machine as witnessed by coworker MS. White Rose. Manager Baker Irene last working day At Morgan instructed supervisor Redmond to put me on AWOL before she leaves Morgan P .& D .C.

27. In February 2018 through March 2018, Plaintiff's managers harassed him. During February and March 2018, Plaintiffs manager would make fun of him, yell at him, and make inappropriate comments in front of his coworkers. Carty, Harris, Mallory, and Laird bullied him during these two months in retaliation for prior EEO activity. There is Agency wide plan to harass plaintiff. Plaintiff forced out to bid in Tour 3 from their Tour 1. Bulling is a form of harassment, verbal and physical. Sometimes leading to self-doubt, depression and suicide as the bullying continues. Management Created a hostile environments for plaintiff.

28. On or about March 5, 2018, Plaintiff's request to work on the warmer side of a machine was denied, similarly situated coworkers allowed to work on warmer side and management would not accept his PS Form 1767 for Osha Complaint.

29. On or about March 23, 2018, Plaintiff's pay adjustment for two hours was not completed; Supervisor Garcia Branly denied to do pay adjustment and harassed him as witnessed by a coworker Zambra Leandro, Later this pay adjustment was made by another supervisor as instructed by Manager Fuchu Ruth.

30. On or about May 28, 2018, Plaintiff's manager Howard Berlinda stated that she had been watching him for a few weeks to make him aware of future write-ups and mentioned his prior EEO activity. She denied my request to take a day off on Monday August 13,2018 even I explained her that I am not feeling good and I have perfect attendance . So I reported Monday for work than next day morning when I was writing my affidavit of this EEO case , 1 emotionally felt very bad then suddenly I got heart attack and rush to emergency room at Winthrop Hospital where my cardio vascular surgery processed.

31. On or about April 16, 2018, Plaintiff became aware that a similarly situated supervisor Mark Jason returned to work after Enforced Leave, but Plaintiff was denied the same opportunity of reinstatement on July 26, 2016.

32. On or about April 16, 2018, Plaintiff learned that similarly situated SDO Marks Jason (Jewish-Polish, American- white) with no prior EEO activities, worked in Tour-3 at Morgan P& DC, New York return to work. Previously, this SDO was on enforced leave for similar, but more serious charges than Plaintiff. SDO Mark Jason was on Administrative Leave for almost two years. Plaintiff send agency paper work to add this issue within 45 days limitation after learning discrimination, in Agency PRE complaint -025250-2018 Dated May 19,2018.Under EEOC REGULAIONS **pre-complaint** process will be considered timely if it is postmarked within 45 calendar days of the alleged **discriminatory** conduct. .Plaintiff should have been

given his job back by the agency because Plaintiff was treated unfairly and discriminated again in this matter because of his Religion ( Hindu-Jain),National Origin (INDIA), Race (Indian Brown) and, in addition, in Retaliation of his prior and current EEO activities. Management Created a hostile environments for plaintiff.

33.    Defendants did not offer Plaintiff the same opportunities as they offered to similarly situated employees like, SDO Marks Jason. Which remain dismissed by AJ on basis the same grounds as provided by the agency at page 41 of the ROI 2.

34. Plaintiff was not provided the opportunity for "REDRESS" in above matter as requested in Agency PRE complaint -025250-2018 Dated May 19,2018. The agency always wrote to Plaintiff that they were processing his complaint, but no action was ever taken to fix the issues listed above.

35.    On April 7, 2018, plaintiff was the only employee not allowed wash-up time as per CBA.  Similarly situated co-workers were given wash up time.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| DEVENDRA KUMAR JAIN |
|---|
| DEVENDRA KUMAR JAIN |
| Plaintiff(s), |
| -against- |
| LOUIS DEJOY |
| POST MASTER General |
| United STATES POSTAL SERVICE  Defendant(s). |

Docket No: _____CV_____ (    )(    )

NOTICE OF PRO SE APPEARANCE

I hereby enter an appearance on my own behalf in this action and request:

(please check one option below)

☑ that all future correspondence be mailed to me at the address below, or

☐ that all future correspondence be e-mailed to me at the e-mail address below. I have completed the attached Consent to Electronic Service.

I understand that if my address or e-mail address changes, I must immediately notify the Court and all parties.

JAIN  DEVENDRA  KUMAR                                     ☑ Plaintiff
                                                          ☐ Defendant

Name (Last, First, MI)

1053 N 2 ST    NEW HYDE PARK  NEW YORK  11040-2836

| Address | City | State | Zip Code |
|---|---|---|---|

(516)-360-5071

| Telephone Number | | e-mail address |
|---|---|---|

4/2/22

| Date | | Signature |
|---|---|---|



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Devendra Jain, a/k/a
Gerald G.,[1]
Complainant,

v.

Louis DeJoy,
Postmaster General,
United States Postal Service
(Northeast Area),
Agency.

Appeal No. 2020003626

Hearing Nos. 520-2018-00186X, 520-2019-00222X

Agency Nos. 1B-102-0060-16, 1B-102-00020-18

## DECISION

On May 19, 2020, Complainant filed an appeal with the Equal Employment Opportunity Commission (EEOC or Commission), pursuant to 29 C.F.R. § 1614.403(a), from the Agency's April 15, 2020 final order concerning an equal employment opportunity (EEO) complaint claiming employment discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e et seq.

## BACKGROUND

During the relevant time, Complainant worked as a Mail Handler at either the Agency's Morgan Processing Center facility or at its Ansonia Station in New York, New York.

Complainant filed two separate EEO complaints alleging that the Agency discriminated against him on the bases of national origin (Indian), religion (Hindu), and in reprisal for prior protected EEO activity when:

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

2                                                                 2020003626

Complaint 1 1B-102-0060-16

1.  Between August 2016 and October 2016, Complainant was not selected for any of 26 positions for which he was an applicant;[2]

2.  Between September 2016 and October 2016, Complainant was denied overtime opportunities;

3.  From September 10, 2016 through September 16, 2016, Complainant was charged Leave without Pay/Absent without Official Leave, (LWOP/AWOL);

4.  On December 15, 2016, Complainant's request to be detailed as an Acting Supervisor (204-B) was not granted;

5.  Between August 2016 and October 2016, he was not selected for any of 7 positions he applied for;

6.  From October 29, 2015, through August 5, 2016, Complainant was not paid Sunday premium pay;

7.  Beginning on September 3, 2016, Complainant was not given orientation, safety training or a uniform voucher;

8.  On September 3, 2016, Complainant was not notified of the "self plus one" health insurance coverage;

9.  Since September 3, 2016, Complainant was not notified of the "self plus one" health insurance coverage;

10. On unspecified dates, his seniority date was changed;[3]

11. On October 8, 2016, Complainant was not allowed to work the Columbus Day holiday;

12. On September 21, 2016 and continuing his request to view his employee everything report has not been granted;

---

[2] Claims 1 and 5 involve a breach of settlement agreement claim which also became the subject of a civil action filed by Complainant. In the AJ's June 19, 2019 Decision and Order on Agency Partial Motion to Dismiss, claims 1 and 5 were dismissed in accordance with EEOC Regulation 29 C.F.R. § 1614.107 (a)(3). We find no error in this dismissal by the AJ.

[3] The record indicates that Complainant withdrew claim 10.

3                                                         2020003626

13. Beginning February 2015 through October 17, 2016 and continuing, Complainant's pay adjustments have not been processed;

14. Since November 2016 and continuing, Complainant was not provided the same overtime opportunities as his co-workers;

15. On December 5, 2016, he was not paid out of schedule pay;

16. On January 11, 2017 and continuing, Complainant was harassed by his co-workers and management did not take action;

17. On unspecified dates, Complainant did not receive paid-for performance for pay periods one and two of 2017;

18. On unspecified dates, Complainant was harassed by management and not action was taken;

19. On May 22, 2017, Complainant was harassed by co-workers and no action was taken;

20. On June 3, 2017, he was given an investigative interview; and

21. On June 3, 2017 through June 7, 2017, he was put on an emergency placement.

Complaint 2 – 1B-102-0020-18

1. On February 9, 2018, Complainant was charged with thirty minutes of AWOL;

2. In February and March 2018, Complainant's managers harassed him;

3. On or about March 5, 2018, his request to work on the warmer side of a machine was denied and management would not accept his PS Form 1767;

4. On or about March 23, 2018, Complainant's pay adjustment for two hours was not completed;

5. On or about May 28, 2018, Complainant's manager stated that she had been watching him for a few weeks to make him aware of future write-ups and mentioned his prior EEO activity;

6. On or about April 16, 2018, he became aware that a similarly situated supervisor was returned to work, but Complainant did not receive the same offer on July 26, 2016;[4]

---

[4] Claim 6 was dismissed as untimely raised with an EEO Counselor. in accordance with EEOC Regulation 29 C.F.R. § 1614.107 (a)(2). The Agency's July 30, 2018 Partial Acceptance/Partial

4                                                    2020003626

7. On an unspecified date, Complainant was not provided the opportunity for REDRESS;[5] and

8. On April 7, 2018, he was the only employee not allowed wash-up time.

Following an investigation of the two complaints the Agency provided Complainant with a copy of the report of investigation and notice of his right to request a hearing before an Equal Employment Opportunity Commission Administrative Judge (AJ).   Complainant timely requested a hearing.  Over Complainant's objections, the AJ assigned to the case granted the Agency's July 29, 2019  motion for a decision without a hearing and issued a decision without a hearing on March 30, 2020.  The Agency subsequently issued a final order adopting the AJ's finding of no discrimination.  This appeal followed.

## ANALYSIS AND FINDINGS

The Commission's regulations allow an AJ to grant summary judgment when he or she finds that there is no genuine issue of material fact.  29 C.F.R. § 1614.109(g).  An issue of fact is "genuine" if the evidence is such that a reasonable fact finder could find in favor of the non-moving party.  Celotex v. Catrett, 477 U.S. 317, 322-23 (1986); Oliver v. Digital Equip. Corp., 846 F.2d 103, 105 (1st Cir. 1988).  A fact is "material" if it has the potential to affect the outcome of the case.  In rendering this appellate decision we must scrutinize the AJ's legal and factual conclusions, and the Agency's final order adopting them, de novo.  See 29 C.F.R. § 1614.405(a)(stating that a "decision on an appeal from an Agency's final action shall be based on a de novo review…"); see also Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO-MD-110), at Chap. 9, § VI.B. (as revised, August 5, 2015)(providing that an administrative judge's determination to issue a decision without a hearing, and the decision itself, will both be reviewed de novo).

To successfully oppose a decision by summary judgment, a complainant must identify, with specificity, facts in dispute either within the record or by producing further supporting evidence and must further establish that such facts are material under applicable law. Such a dispute would indicate that a hearing is necessary to produce evidence to support a finding that the agency was motivated by discriminatory animus. Here, however, Complainant has failed to establish such a dispute. Even construing any inferences raised by the undisputed facts in favor of Complainant, a reasonable fact-finder could not find in Complainant's favor.

---

Dismissal indicates that Complainant failed to bring claim 6 to the attention of an EEO Counselor within 45 days pursuant to relevant EEO regulations.

[5] The Agency's July 30, 2018 Partial Acceptance/Partial Dismissal indicates that claim 7 involves Complainant's dissatisfaction with the processing of a previously filed complaint. The claim was properly dismissed in accordance with EEOC Regulation 29 C.F.R. § 1614.107 (a)(8).

Upon careful review of the AJ's decision and the evidence of record, as well as the parties' arguments on appeal, we conclude that the AJ correctly determined that the preponderance of the evidence did not establish that Complainant was discriminated against by the Agency as alleged.

## CONCLUSION

Based on a thorough review of the record and the contentions on appeal, including those not specifically addressed herein, we AFFIRM the Agency's decision adopting the AJ's finding of no discrimination.

## STATEMENT OF RIGHTS - ON APPEAL

## RECONSIDERATION (M0920)

The Commission may, in its discretion, reconsider this appellate decision if Complainant or the Agency submits a written request that contains arguments or evidence that tend to establish that:

1. The appellate decision involved a clearly erroneous interpretation of material fact or law; or

2. The appellate decision will have a substantial impact on the policies, practices, or operations of the agency.

Requests for reconsideration must be filed with EEOC's Office of Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision. If the party requesting reconsideration elects to file a statement or brief in support of the request, **that statement or brief must be filed together with the request for reconsideration**. A party shall have **twenty (20) calendar days** from receipt of another party's request for reconsideration within which to submit a brief or statement in opposition. See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), at Chap. 9 § VII.B (Aug. 5, 2015).

Complainant should submit his or her request for reconsideration, and any statement or brief in support of his or her request, via the EEOC Public Portal, which can be found at https://publicportal.eeoc.gov/Portal/Login.aspx

Alternatively, Complainant can submit his or her request and arguments to the Director, Office of Federal Operations, Equal Employment Opportunity Commission, via regular mail addressed to P.O. Box 77960, Washington, DC 20013, or by certified mail addressed to 131 M Street, NE, Washington, DC 20507. In the absence of a legible postmark, a complainant's request to reconsider shall be deemed timely filed if OFO receives it by mail within five days of the expiration of the applicable filing period. See 29 C.F.R. § 1614.604.

An agency's request for reconsideration must be submitted in digital format via the EEOC's Federal Sector EEO Portal (FedSEP). See 29 C.F.R. § 1614.403(g).

6                                          2020003626

Either party's request and/or statement or brief in opposition must also include proof of service on the other party, unless Complainant files his or her request via the EEOC Public Portal, in which case no proof of service is required.

Failure to file within the 30-day time period will result in dismissal of the party's request for reconsideration as untimely, unless extenuating circumstances prevented the timely filing of the request. **Any supporting documentation must be submitted together with the request for reconsideration.** The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. See 29 C.F.R. § 1614.604(c).

### COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0610)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

### RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations

June 22, 2021
Date



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Office of Federal Operations**
**P.O. Box 77960**
**Washington, DC 20013**

Devendra Jain, a/k/a
Gerald G.,[1]
Complainant,

v.

Louis DeJoy,
Postmaster General,
United States Postal Service
(Northeast Area),
Agency.

Request No. 2021004337

Appeal No. 2020003626

Hearing Nos. 520-2018-00186X; 520-2019-00222X

Agency Nos. 1B-102-0060-16; 1B-102-00020-18

<u>DECISION ON REQUEST FOR RECONSIDERATION</u>

Complainant timely requested that the Equal Employment Opportunity Commission (EEOC or Commission) reconsider its decision in <u>Gerald G. v. U.S. Postal Serv.</u>, EEOC Appeal No. 2020003626 (June 22, 2021). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision issued pursuant to 29 C.F.R. § 1614.405(a), where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. <u>See</u> 29 C.F.R. § 1614.405(c).

Complainant, a P-04 Mail Handler at the Agency's Morgan Processing and Distribution Center in New York, New York, filed two separate EEO complaints alleging that the Agency discriminated against him on the bases of national origin (Indian), religion (Hindu), and in reprisal for prior protected EEO activity as evidenced by multiple incidents.

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

Following an investigation, Complainant requested a hearing before an EEOC Administrative Judge (AJ). The AJ assigned to the matter issued a summary judgment decision finding that Complainant was not subjected to discrimination or reprisal as alleged. The Agency issued a final order fully adopting the AJ's decision. In the appellate decision, the Commission affirmed the final order.

In his request for reconsideration, Complainant expresses his disagreement with the previous decision and reiterates arguments previously made on appeal. The Commission emphasizes that a request for reconsideration is not a second appeal. Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), Chap. 9 § VI.A (Aug. 5, 2015); see, e.g., Lopez v. Dep't of Agric., EEOC Request No. 0520070736 (Aug. 20, 2007). Rather, a reconsideration request is an opportunity to demonstrate that the appellate decision involved a clearly erroneous interpretation of material fact or law, or will have a substantial impact on the policies, practices, or operations of the Agency. Complainant has not done so here. Complainant has not presented any persuasive evidence to support reconsideration of the Commission's decision.

After reviewing the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(c), and it is the decision of the Commission to DENY the request. The decision in EEOC Appeal No. 2020003626 remains the Commission's decision. There is no further right of administrative appeal on the decision of the Commission on this request.

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0610)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests.

3                                        2021004337

Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

Carlton M. Hadden, Director
Office of Federal Operations


January 10, 2022
Date

4                                                         2021004337

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was made available to the parties. I certify that on the date below this decision was provided to the following recipients via the means identified for each recipient:

Devendra Jain
1053 N 2 Street
New Hyde Park, NY 11040
Via U.S. Mail

U.S. Postal Service (Northeast)
NEEOISO - Appeals
U.S. Postal Service
Via FedSEP

January 10. 2022
Date

Compliance and Control Division